IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADEY/VANDLING, LTD., | § | |
| | § | |
| V. | § | NO. A-11-CV-1007-LY |
| | § | |
| AMERICA FIRST INSURANCE | § | |
| COMPANY; AMERICAN ECONOMY | § | |
| INSURANCE COMPANY; | § | |
| ALLAN D. HOLT; | § | |
| BRANDON V. WEBER, II; and | § | |
| LYNN WEBER INSURANCE AGENCY | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Opposed Motion to Remand (Clerk's Doc. No. 15); Defendants' Response (Clerk's Doc. No. 20); and Plaintiff's Reply (Clerk's Doc. No. 24). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having reviewed the Motion, Response, Reply, the entire case file, and the applicable law, the Court enters the following Report and Recommendation.

**I. FACTUAL BACKGROUND**

This suit was originally filed on October 21, 2011, by Plaintiff Adey/Vandley, Ltd., ("Plaintiff") in the 126th Judicial District, Travis County, Texas, and styled *Adey/Vandling, Ltd. v. America First Insurance Company*, Cause No. D-1-GN-11-003244. The state court case alleged statutory and common law bad faith and other related claims against America First Insurance

Company ("AFIC") regarding its handling of insurance claims for two buildings owned by Plaintiff. On November 23, 2011, Defendant America First Insurance Company removed the case to federal court based upon diversity. On December 1, 2011, Plaintiff filed an Amended Complaint adding American Economy Insurance Company and various non-diverse defendants: Texas residents Allan D. Holt ("Holt"), Brandon V. Weber, II ("Weber"), and Lynne Weber Insurance Agency ("Lynne Weber Agency"). Brandon V. Weber II, and Lynne Weber Agency sold Plaintiff the insurance policy in question. Allan D. Holt was the insurance adjustor assigned to Plaintiff's claim. Plaintiff now moves to remand the case to state district court asserting that all parties are not diverse as required for the federal court to maintain jurisdiction. Defendants respond that Plaintiff improperly added claims against non-diverse defendants merely in an attempt to defeat diversity jurisdiction, and the case should remain in federal court.

## II.  ANALYSIS

**A.     Removal Jurisdiction**

As an initial matter, the Court must address the Plaintiff's claim that this case must be viewed and analyzed as a case of "fraudulent joinder" because Plaintiff added the non-diverse defendants pursuant to its right to make an amendment once, as a matter of course, prior to a responsive pleading being filed, *see* FED. R. CIV. P. 15(a)(1)(B), rather than pursuant to a motion for leave to amend under Rule 15(a)(2). Plaintiff is incorrect. Although Rule 15(a) ordinarily governs pretrial amendments to pleadings, the rule is limited by the removal statute, which states that:

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). As Judge Polozola explained in *Ascension Enters. v. Allied Signal*, 969 F.Supp. 359 (M.D. La. 1997),

> In assessing the apparent conflict between § 1447(e) and Rule 15(a), courts have held that "[w]hen an amendment will destroy diversity, leave of court is required even though the existing defendant . . . ha[s] not yet filed responsive pleadings." In other words, "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." Thus, § 1447(e) trumps Rule 15(a).

*Id.* at 260 (footnotes and citations omitted). Thus, the federal courts have concluded that when the amendment would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to amend a pleading without leave of court and such an amendment must be analyzed pursuant to § 1447(e). *See e.g., Mayes v. Rapoport*, 198 F.3d 457, 462 n. 11 (4th Cir. 1999); *Whitworth v. TNT Bestway Transp.*, 914 F.Supp. 1434, 1435 (S.D. Miss. 1995). Indeed, as Judge Cobb stated in *Whitworth*, "[w]hen an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *Id. See also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987) (in these circumstances, courts "should scrutinize [the] amendment more closely than an ordinary amendment.")

In *Hensgens*, the Fifth Circuit provided identified factors district courts should consider when deciding whether to permit the post-removal joinder of a non-diverse, non-indispensable party whose joinder would destroy diversity jurisdiction. *Hensgens*, 833 F.2d at 1181-83, *see also Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001) (limiting the utility of the *Hensgens* factors to joinders of non-indispensable parties). The *Hensgens* court recognized that the issue presents competing interests and advised courts to use discretion in reaching a decision. *Id.* at 1182. Specifically, "the district court must consider a number of factors to balance the defendant's interests

in maintaining a federal forum with the competing interests of not having parallel lawsuits." The court must consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for an amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities involved. *Id.* If a district court permits joinder, it must remand the case pursuant to 28 U.S.C. § 1447(c). *Mayes,*, 198 F.3d at 462 n. 11.

The first issue is whether the purpose of the amendment was to defeat federal jurisdiction. Courts in this circuit have noted that in applying the first *Hensgens* factor, if the plaintiff knew about the nondiverse party's activities at the time suit was originally brought but chose not to include that party as an original defendant, then a post-removal attempt to add the nondiverse defendant is viewed as simply an attempt to destroy diversity. *In re Norplant*, 898 F. Supp. 433, 435 (E.D. Tex. 1995). For example, in *O'Connor v. Automobile Ins. Co.*, 846 F. Supp. 39, 40 (E.D. Tex. 1994), plaintiff brought suit against defendants for their alleged failure to pay insurance proceeds. Much like this case, after the defendant insurance companies removed the case to federal court based upon diversity, plaintiff attempted to add the (nondiverse) insurance agency from which the plaintiff purchased the policy. The Court refused to allow the amendment, noting that because the selling agency was identified in the original petition as the seller of the policy, plaintiff had apparently chosen to add the agency as a defendant solely for the purpose of defeating diversity. *Id.* at 41; *see also Mayes*, 198 F.3d at 462 (when a "plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.")

Here, although it did not name the adjustor as a defendant, the state court petition expressly identified Holt, and also accused him of misdeeds. *See* Plaintiff's Original Petition (included in Clerk's Doc. No. 1) at ¶¶ 4.9, 4.17. The original petition makes no mention of the agent, or the agency. But plainly the Plaintiff knew where it purchased the policy when the lawsuit was filed. Thus, it is clear that at the time it filed the suit, Plaintiff was aware of the adjustor's alleged failings, as well as the involvement of the agent and agency, and chose not to make them parties to the suit.

In its reply, the Plaintiff explains that it did not include the Texas Defendants in the original lawsuit because at the time of filing,

> Plaintiff and Insurers revived discussions regarding possible resolution of the dispute. Once it became clear that Insurers were not willing to resolve the dispute and Plaintiff was faced with the possibility of pursuing parallel litigation in state and federal court, adding the Texas Defendants became necessary in order to preserve Plaintiff's right to recover.

Reply at p. 4-5. This explanation leaves much out, and thus is not terribly helpful. The facts known to the Court are that on October 21, 2011, the Plaintiff sued America First Ins. Co. in state district court. Then, on November 23, 2011, the insurance company removed the case to this court, and on December 1, 2011, the Plaintiff filed its amended complaint, adding all of the Texas residents as Defendants. What the reply says is that at some point—exactly when is not stated—the Plaintiff and America First attempted to negotiate a resolution of the dispute. When those discussions fell apart, Plaintiff states that it was "faced with the possibility of pursuing parallel litigation." This means that the state court suit must not only have already been filed when the negotiations broke down, but it must also already have been removed as well. Which brings us right back to where we started: why did the Plaintiff file the lawsuit against only America First? Nothing in the explanation quoted above answers that question.

Notably, the Plaintiff wasted no time in filing the amendment after removal. The notice of removal was served on Plaintiff's counsel on November 23, 2011, and by December 1, 2011, eight days later, Plaintiff had filed the amended complaint adding the Texas Defendants. Given the explanation offered above, the Plaintiff is asking the Court to believe that some time between November 23, 2011, and December 1, 2011, the negotiations between America First and Plaintiff broke down, and that is why the amended complaint adding the new parties was filed December 1, 2011. Inherent in the Plaintiff's explanation is the suggestion that the filing of the amended complaint had nothing to do with the fact that America First had just a week earlier removed the case, and by no means did the Plaintiff add the non-diverse parties in order to divest the Court of diversity jurisdiction. This is just not plausible. The proximity in time between the removal and the amendment, combined with the failure to have named the Texas Defendants as parties originally, despite being aware of their involvement, makes Plaintiff's explanation totally lacking in credibility. In short, the Court finds that the Texas Defendants were added for the primary purpose of destroying diversity.

The second factor is whether the Plaintiff has been dilatory in seeking to amend. Although courts generally find that a plaintiff "is not dilatory in seeking to amend a complaint 'when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred,'" the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction. *Smith v. Robin Am., Inc.*, No. 08–3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug.7, 2009). In such a circumstance, "[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." *See Irigoyen v. State Farm Lloyds*, No. 03–0324, 2004 WL 398553, at *3 (S.D. Tex.

Jan. 5, 2004); *Phillips v. Delta Airlines, Inc.*, 192 F.Supp.2d 727, 729 (E.D. Tex. 2001). In this case, no pretrial or trial dates have been scheduled and no significant activity beyond the pleadings has occurred. Clearly, Plaintiff was not dilatory in adding the Texas Defendants. Quite the opposite. But this is not terribly relevant in this case, as the speed with which the Plaintiff sought to add the Texas Defendants is strong evidence of the Plaintiff's true motive being to force the remand of the case.

When analyzing the third factor—whether the plaintiff will be injured if the amendment is not allowed—courts consider, among other things, "whether a plaintiff can be afforded complete relief in the absence of the amendment," and whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden. *Loewe v. Singh*, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (citation and internal quotations omitted); *Schindler*, 2005 WL 1155862, at *4. *Bonilla v. Am. Servicing Co.*, 2011 WL 3882280, at *3 (S.D. Tex. Sept.2, 2011. Obviously, if leave to amend is denied, and if Plaintiff chooses to pursue the Texas Defendants in a separate suit, it will have to do so in a separate forum. But it is not at all clear that Plaintiff will make that choice. As noted, Plaintiff did not name the Texas Defendants when it first filed suit, and it appears Plaintiff faces significant legal hurdles to successfully recover against the adjustor and agents. *Cf. Gallegos*, 2009 WL 398553, at *5. Further, there is no indication that America First would be unable to satisfy a judgment. *Irigoyen*, 2004 WL 398553, at *5; *Gallegos v. Safeco Insurance Company of Indiana*, 2009 WL 4730570, at *5 (S.D. Tex. Dec.7, 2009). Thus, while it is possible that the Plaintiff would suffer some harm by not being permitted to amend, that harm is mitigated by the other factors just discussed. Moreover, the

possibility of parallel suits cannot, by itself, outweigh the first—and most important—factor. "Jurisdiction is not so malleable that [p]laintiffs can creatively forum shop through manipulation of the Rules." *Sanders v. General Motors Corp.*, No. 01-1579, 2001 WL 1297443 *3 (N.D. Tex. Oct. 10, 2001).

## IV.  RECOMMENDATION

In light of the foregoing, the Magistrate Judge RECOMMENDS that the District Court DENY Plaintiff's Opposed Motion to Remand (Clerk's Doc. No. 15) and STRIKE Plaintiff's Amended Complaint.  Because the Court recommends that the District Court strike Plaintiff's Amended Complaint adding additional Defendants, the Magistrate Judge RECOMMENDS that the District Court also DENY AS MOOT Defendant Holt's Motion to Dismiss (Clerk's Doc. No. 19) and Defendant Lynne Weber Agency's Motion to Dismiss (Clerk's Doc. No. 22).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28

U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of February, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE